22-3121
*United States v. Holley*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand twenty-five.

PRESENT:
> AMALYA L. KEARSE,
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> *Circuit Judges*.

———————————————————————

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                         No. 22-3121

CHARLES D. HOLLEY,

> *Defendant-Appellant*.

———————————————————————

**For Defendant-Appellant:**     JILLIAN S. HARRINGTON, Law Office of Jillian S. Harrington, Monroe Township, NJ.

**For Appellee:**     SEAN C. ELDRIDGE, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 8, 2022 judgment of the district court is **AFFIRMED**.

Defendant Charles D. Holley appeals from a judgment of the district court following his conviction after a jury trial for illegally possessing a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On appeal, Holley argues that the district court erred by (1) permitting testimony and evidence related to possible narcotics and a bulletproof vest found in the vehicle that Holley had been driving immediately prior to his arrest, and (2) limiting Holley's cross-examination of an expert witness. Holley also argues that he was deprived of his constitutional right to the effective assistance of counsel. We

2

assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## I.  Evidentiary Rulings

We review a district court's evidentiary rulings for abuse of discretion, *see United States v. McDermott*, 245 F.3d 133, 140 (2d Cir. 2001), which we will find only where the admission of such evidence was "manifestly erroneous," *United States v. SKW Metals & Alloys, Inc.*, 195 F.3d 83, 87 (2d Cir. 1999).   Even if a district court's decision was manifestly erroneous, we will still affirm a defendant's conviction when such error was harmless.   *See United States v. Litvak*, 889 F.3d 56, 67 (2d Cir. 2018).   "An error is harmless if it is highly probable that it did not contribute to the verdict."   *United States v. Gatto*, 986 F.3d 104, 117 (2d Cir. 2021) (internal quotation marks omitted).

Holley argues on appeal that the district court erred by permitting the introduction of evidence and testimony related to "a pink boot with possible drugs in a clear bag" and a "bulletproof vest" found in the car he had been driving immediately prior to his arrest.   Holley Br. at 16.   According to Holley, such evidence and testimony were "completely irrelevant" to the felon-in-possession

charge, unfairly prejudicial, and – at the very least – should have been excluded as evidence of "other acts." *Id.* at 20.[1]

But even assuming that the district court improperly admitted the testimony and evidence related to the possible drugs and bulletproof vest, we conclude that any such errors were harmless. *See Gatto*, 986 F.3d at 117. *First*, there is ample evidence in the record showing that Holley illegally possessed a firearm. Multiple witnesses testified that they saw Holley pull an object from his waistband and throw it away right before he was arrested, and one of those witnesses explicitly identified the object as a gun. In addition, there was uncontroverted trial testimony that the gun was recovered just a few feet from where Holley was arrested, in the area where one of the witnesses saw him throw something to the ground. And of course, Holley himself admitted to possessing the firearm when he spoke to an investigator shortly after his arrest. While it is true that Holley

---

[1] Although he primarily styles the district court's purported errors as violations of the Federal Rules of Evidence, Holley nevertheless asserts, in conclusory fashion, that these errors amounted to a violation of his constitutional right to a fair trial. But Holley fails to elaborate on how these alleged errors rise to a level of constitutional significance. We therefore deem such argument forfeited. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered [forfeited] and normally will not be addressed on appeal."); *see also Tripathy v. McKoy*, 103 F.4th 106, 118 (2d Cir. 2024) (noting that arguments raised "obliquely and in passing" or "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed forfeited" (alteration accepted and internal quotation marks omitted)).

4

later recanted that statement, the evidence overwhelmingly pointed in one direction. *Second*, the district court expressly advised the jury that the indictment charged Holley with just one crime: being a felon in possession of a firearm. *See, e.g.*, Gov't App'x at 126–27 ("Essentially, [Holley]'s charged with being a person convicted of a felony who had in his possession a firearm."); *id.* at 620 ("Keep in mind that Mr. Holley is on trial only for the one charge, that is, being a person who was a previously convicted felon. Did he possess this firearm for a period of time on July 2nd, 2021? He's not charged with any other crime . . . ."). On this record, we deem it "highly probable" that the introduction of the drug and bulletproof vest evidence "did not contribute to the verdict" in this case. *Gatto*, 986 F.3d at 117 (internal quotation marks omitted).[2]

## II. Limitation of Cross-Examination

Holley next argues that his rights under the Due Process Clause and Confrontation Clause were violated when the district court precluded him from

---

[2] As Holley acknowledges in his opening brief, his trial counsel only objected to the admission of the photograph of the possible drugs found in the pink boot. That means that his other evidentiary objections were not properly preserved below and therefore are only subject to plain error review. *See* Fed. R. Crim. P. 52(b); *see also United States v. Johnson*, 529 F.3d 493, 501 (2d Cir. 2008). But we need not address whether the district court plainly erred because, as noted above, any such error was harmless. *See Greer v. United States*, 593 U.S. 503, 511–12 (2021) (recognizing that the harmless error standard is "more lenient" for appellants than the "more exacting plain-error standard").

asking the government's witness, a firearms examiner, about a mistake he made five years earlier in matching a spent shell casing with a particular firearm. According to Holley, cross-examination on this issue would have raised "concerns about the reliability of [the witness's] professional opinions" and would have undermined "the erroneous impression that this witness'[s] testimony was unimpeachable." Holley Br. at 45.

We review a district court's decision to limit cross-examination for abuse of discretion. *See United States v. Crowley*, 318 F.3d 401, 417 (2d Cir. 2003). The Supreme Court has made clear that the Confrontation Clause guarantees only "an opportunity for effective cross-examination," *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) (emphasis omitted), and district courts have "wide latitude" to reasonably limit its scope, *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986).

On the record before us, we are not convinced that the district court abused its discretion in restricting the cross-examination of the government's witness. The firearms examiner's testimony at trial related exclusively to his examination and test firing of the recovered firearm and ammunition. At no point did the firearms examiner attempt to connect a spent shell casing with the firearm in question. Moreover, as Holley's counsel conceded at oral argument, Holley did

6

not even contest the operability of the recovered firearm, which was the sole focus of the examiner's testimony at trial. *See* Oral Arg. at 9:33–10:48. In light of the examiner's limited testimony, the district court was not obliged to permit cross-examination on a five-year-old mistake that the firearms examiner committed in a situation unlike the one at issue in this case. *See United States v. Figueroa*, 548 F.3d 222, 227 (2d Cir. 2008) (explaining that a court may limit the questioning of a witness "based on concerns about, among other things, harassment, prejudice, confusion of the issues, . . . or interrogation that is repetitive or only marginally relevant" (internal quotation marks omitted)).

## III.   Ineffective Assistance of Counsel

Finally, Holley argues that he was denied his Sixth Amendment right to the effective assistance of counsel because his lawyer (1) failed to request that the district court "redact[] the portion of [his] statement to police in which he mentions 'drugs' and a bulletproof vest," and (2) never followed up to request a limiting instruction "regarding the introduction of the photographs depicting a clear bag containing a white substance" recovered from the car that Holley was driving immediately prior to his arrest. Holley Br. at 29.

Ordinarily, we have a "baseline aversion to resolving ineffectiveness claims on direct review." *United States v. Khedr*, 343 F.3d 96, 99 (2d Cir. 2003) (internal quotation marks omitted). Nevertheless, we have "entertained ineffective assistance claims for the first time on direct appeal when their resolution is beyond any doubt or to do so would be in the interest of justice." *Id.* at 100 (internal quotation marks omitted).

A defendant alleging ineffective assistance of counsel must show that the counsel's performance (1) "fell below an objective standard of reasonableness" under "prevailing professional norms," and (2) was "prejudicial to the defense," meaning there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 692, 694 (1984). However, we see no way in which Holley can meet the prejudice requirement at step two of the *Strickland* test. As previously noted, multiple witnesses testified to seeing Holley pull an object from his waistband and dispose of it immediately prior to his arrest, with one witness specifically identifying the object as a gun. The gun was recovered feet away from where he was arrested and in the area where a police officer saw him throw it. And even though he later recanted, Holley admitted on

8

video that the gun belonged to him.   In light of this evidence, we cannot say there is a reasonable probability that the result at trial would have been different had Holley's counsel requested and secured the redactions and/or limiting instruction. *See id.* at 694.

\*       \*       \*

We have considered Holley's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9